CHARLES G. RYAN, APPELLEE, V. JOHN W. WEST, IMPLEADED WITH C. F. BENTLEY, TRUSTEE, ET AL., APPELLANT.

FILED FEBRUARY 19, 1902. No. 10,319.

1. **Foreclosure:** DECREE UPON SEVERAL MORTGAGES: LIENS: AGREEMENT: VALIDITY. When decrees of foreclosure are entered upon several mortgages in the same action, and an order of sale is issued thereon, an agreement between the several mortgagees that the one holding the later lien shall buy the property at the sheriff's sale under said order and pay the matured portion of the first mortgage, · and the unmatured portion thereof shall remain in full force, is valid as against one who, with notice of such agreement, afterwards takes a mortgage from the holder of the later lien, who has purchased the property in pursuance of said agreement.

2. ———: ———: ———: ———: ———: CERTIFICATE OF SATISFACTION. A certificate of satisfaction of. said decrees, issued by the clerk of the court on his own motion, and filed in the office of the register of deeds will not, in favor of one who, with notice of such agreement, takes a mortgage from such purchaser at sheriff's sale, operate to cancel the first mortgage.

3. **Negotiable Note:** OWNERSHIP: POSSESSION: PRIMA FACIE EVIDENCE: PRESUMPTION. The possession of a note negotiable in form, the subject of the litigation, is *prima facie* proof of ownership, and the finding in a former action, before the note was due, that the note was then the property of a stranger to the present suit, will not overcome this presumption.

4. **Tax-Sale Certificate:** FORECLOSURE: CERTIFICATES AND RECEIPTS: PRIMA FACIE EVIDENCE OF VALIDITY. In an action of foreclosure upon a tax-sale certificate and for prior and subsequent taxes paid by the holder of the certificate, the certificate and receipts of the proper officer for prior and subsequent taxes are *prima facie* evidence of the validity of the taxes which they represent.

APPEAL from the district court for Hall county. Heard below before KENDALL, J. *Affirmed.*

*Othman A. Abbott,* for appellant.

*Charles G. Ryan,* for himself, and *W. H. Platt* and *William O'Connor,* with him, *contra.*

SEDGWICK, J.

This action was begun in the district court of Hall county by the appellee, Ryan, to foreclose a real-estate mortgage and tax certificates. The defendant and appellant, C. F. Bentley, had a mortgage upon the same property as trustee, which he claims is prior to the lien of the plaintiff. One Whitney, formerly the owner of this property, mortgaged the same to the American Investment Company to secure the sum of $500 and interest, and also gave a second mortgage to the same company, and afterwards a third mortgage to one Lewis T. Geer, and a fourth mortgage to John W. West. Afterwards Mr. Geer brought an action to foreclose his third mortgage, in which he made the American Investment Company party defendant, with West, and Whitney, the owner of the equity of redemption, and one John F. Kimball, as assignee of the first mortgage. In that action attorneys appeared and filed an answer for one Bullard, as assignee of the second mortgage. The first and second mortgages were not due when that action was begun, but some interest payments on the first mortgage and two principal payments, amounting to $16, secured by the second mortgage, had matured. It is alleged in the petition herein and admitted in the answer that Kimball was then the owner of the first mortgage.

The first, third and fourth mortgages were set up by the parties owning them in their several answers, and decrees were entered foreclosing these mortgages, and finding that the second mortgage was a lien on the premises, but not due, and was owned by Bullard. An order of sale was issued on these decrees, and the property advertised for sale. On the day of the sale, and before the sale took place, West, who owned the decree on the fourth lien, and Kimball, who still owned the first lien, agreed that West should purchase the property at the sale, and should pay up the interest on the first and second liens, and that the first lien should be restored and continued as first lien upon the property, West keeping up all interest thereon and the taxes. In

pursuance of this agreement West purchased the property at the sale and paid up the interest on the first lien. In 1894 the property was sold by the county treasurer to one Pettibone for the taxes of 1892. Pettibone also paid the subsequent taxes for the years 1893 and 1894. On the 24th day of April, 1896, the American Investment Company made a deed of assignment of the first mortgage to Kimball, and Kimball, in December, 1896, assigned the same to this plaintiff. The American Investment Company also, in 1896, assigned the second mortgage and the notes secured thereby to this plaintiff. The plaintiff also purchased from the said Pettibone the said tax certificate and his claim for the subsequent taxes, and afterwards the plaintiff paid the taxes on the property for the years 1895 and 1896. The plaintiff held all these papers at the time of the trial, and presented them in court. On the 11th day of November, 1892, the clerk of the district court of Hall county made a certificate certifying that all of the four said mortgages were duly foreclosed and "have been satisfied and discharged of record," which certificate on the same day was recorded in the office of the county clerk of that county. On the 4th day of April, 1893, the said John W. West, with his wife, executed their mortgage deed whereby they conveyed the said premises to the defendant Charles F. Bentley, trustee, to secure the payment of the sum of $13,583.32 and interest. This mortgage was filed for record on the 4th day of April, 1893. It was given to secure Bentley and others for a contingent liability which they had incurred as bondsmen of West, and afterwards they paid a large amount of money for West, and so became entitled to a lien on the premises under this mortgage.

The court found in this action that the plaintiff's lien for the amount of his mortgage and his tax claim was the first lien upon the property, and the lien of the defendant Bentley was subject thereto. From the decree entered on these findings the defendant Bentley has appealed to this court.

1. It is first contended that the agreement between West and Kimball that the first mortgage should remain in full force as if no foreclosure proceedings had been had thereon was a nullity, and did not have any effect on the rights of the parties. We think there is no ground for such contention. When the purchaser of the property at the foreclosure sale paid all of Kimball's lien which had matured, by the express provisions of the statute, the unmatured portion thereof would be continued until the same matured, and whether the agreement between West and Kimball would have the effect to cancel the decree and reinstate the mortgage, or the decree remained in force under the provisions of the statute, seems immaterial to a mortgagee holding under a subsequent mortgage executed by West, since it was expressly found by the court upon sufficient evidence that Bentley, the subsequent mortgagee, took his mortgage with notice of the condition of the title and of the agreement between West and Kimball. There are in the record several papers marked as defendant's exhibits, but they are not identified, nor is there anything to show by what authority they are inserted in the record. They, of course, can not be considered.

2. It is next contended that the certificate of satisfaction issued by the clerk of the district court operated as a satisfaction of the decree upon the first mortgage and a cancelation of the mortgage, but we do not so view it. The statute provides that, "It shall be the duty of the clerk of the district court, on the satisfaction or payment of the amount of the decree, to forward to the county clerk a certificate." Compiled Statutes, ch. 18, art. 1, sec. 83a. The amount of this decree was not satisfied or paid as between West and Kimball, and, since Bentley had full notice of the equities of Kimball in this decree, it is not necessary to consider how an innocent purchaser for value would have been affected by Kimball's rights in the premises. Bentley, taking his mortgage with notice, could take no greater right than West had, which was subject to Kimball's interest therein; and, this interest having been after-

ward assigned to this plaintiff, the rights of the plaintiff are also superior to Bentley's claim under his mortgage.

3. We do not see how the defendant Bentley can now complain that Bullard was not made a party to this action. It would have been proper to have brought him in as defendant, and if Bentley had suggested such a course at the proper time it, no doubt, would have been done. The plaintiff produced at the trial the note negotiable in form secured by the second mortgage, and an assignment of that mortgage direct to himself from the original mortgagee. This note and mortgage was not due at the time of entering the former decree. There is no claim that it has since been paid. Bentley's mortgage is therefore subject to it. The allegation of the petition is that "plaintiff is now the owner thereof." It was formally assigned to plaintiff by the original payee July 2, 1896. The possession of the note at the time of the trial is *prima facie* proof of ownership, and the finding in a former action, before the note was due, that the note was then the property of a stranger to this suit, will not overcome this presumption.

4. It is not necessary to consider whether the defendant's answer was sufficient to put in issue the validity of the plaintiff's claim upon the tax certificate and for subsequent taxes paid. Our statute provides that the purchaser of real estate for taxes may foreclose his tax certificate as a real-estate mortgage given by the owner of the land to secure not only the amount evidenced by the certificate itself, but also any payments of prior or subsequent taxes made by the holder of the certificate. In an action to foreclose a tax-sale certificate the certificate itself is sufficient *prima facie* evidence of the regularity of all proceedings prior thereto, and that the land was subject to taxation; and the receipts of the proper officer for subsequent taxes paid by the holder of the certificate, when offered in evidence in such action in connection with the tax-sale certificate, are *prima facie* evidence that the holder of the certificate was authorized to pay the same and recover therefor under the statute. *Ure v. Reichenberg,* 63 Nebr.,

899.  The plaintiff is the assignee of the claim of Petti-
bone, and may, of course, support his action thereon with
the same evidence that Pettibone could have supported it.
The decree of the district court is

AFFIRMED.